DAVID ANDERSON v. DAVID WACHTER, d.b.a.
DAVID WACHTER INDIVIDUALLY OR
WACHTER CONSTRUCTION COMPANY, AND ANOTHER.

167 N. W. (2d) 719.

April 25, 1969——No. 41379.

*Gerald B. Forrette,* for relator.

*Meagher, Geer, Markham & Anderson, Mary Jeanne Coyne,* and *Carl D. Knudson,* for respondents.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Peterson, JJ.

SHERAN, JUSTICE.

Certiorari to review a decision of the Workmen's Compensation Commission.

On February 16, 1965, David Anderson, while riding as a passenger in an automobile owned and operated by his employer, David Wachter, sustained a serious personal injury as a result of a collision between Wachter's vehicle and a truck. Under the laws of Minnesota, Anderson was entitled to claim compensation under the Workmen's Compensation Act if his employer at the time of the accident was furnishing transportation to his employee to and from their place of employment "regularly." Minn. St. 176.011, subd. 16. In such event, Anderson would have no common-law cause of action against his employer for negligence.

Although the employer then acknowledged that the transportation was furnished "regularly," the employee, apparently seeking to avoid the recovery limitations of the Workmen's Compensation Act, brought an action

at common law against his employer. Thereafter, to guard against loss of rights under the Workmen's Compensation Act which would result from the expiration of the 2-year limitation, § 176.151(1), the employee filed a claim petition. The employer at that stage denied the claim was within the purview of the compensation act.

The common-law action came on for trial in March 1967. After the jury was selected, the action was dismissed by plaintiff without prejudice and the following stipulation was executed by the attorneys for the parties:

"It is stipulated and agreed between David F. Anderson, plaintiff, and David Wachter, defendant, that the terms of the present agreement are as follows:

"(1) David Wachter and the Iowa National Mutual Insurance Company will pay to David Anderson and his attorney the sum of $6,000.00.

"(2) David Anderson preserves his rights under the Minnesota Workmen's Compensation Act against David Wachter and his compensation insurer.

"(3) In the event David Anderson is unsuccessful in asserting his claim against Wachter and his compensation carrier before the Minnesota Industrial Commission he shall have the right to reinstate his action against Wachter and the Iowa National Mutual Insurance Company in District Court, Dakota County, subject to an offset of $6,000.00 against any judgment or subsequent settlement.

"(4) If successful before the Minnesota Industrial Commission in making a recovery, David Anderson will furnish a liability release to David Wachter and the Iowa National Insurance Company for satisfaction of all claims."

The workmen's compensation claim was tried before a referee of the commission in July 1967. The referee found that at the time of the automobile accident the employer regularly furnished the employee transportation from the home of the employer to the job site and for the return to the employer's home. The referee also determined that the employee had sustained temporary total, temporary partial, and permanent partial disability as a consequence of the accident and had necessarily incurred certain expenses for hospital and medical care. An award of compensation

was made consistent with these findings. The referee refused to credit the $6,000 received by the employee for dismissing his common-law action against the obligation of the employer fixed by the award.

Upon appeal to the Workmen's Compensation Commission, the referee's findings concerning the employee's right to compensation were affirmed. The commission held, however, that the employer and the insurer were entitled to credit for the $6,000. Its unanimous decision is supported by a memorandum by Commissioner James Pomush in which he states:

"The referee in his memorandum indicated that the employer is not a 'third-party' under the terms of M. S. A. 176.061, and therefore the compensation carrier is not entitled to the benefit of the $6,000. However, we do not believe that M. S. A. 176.061 has any application to this matter. Wachter was at all times, the primary party liable to Anderson. And he has had thrust upon him the obligation to buy insurance to protect his compensation and common law liability. In the instant case, Wachter was liable either under the compensation act, or under common law liability. He was not liable under both premises. Either Anderson was in the scope of his employment at the time of the injury, and Wachter was liable under the Workmen's Compensation Act, or Anderson was not in the scope of his employment, and Wachter's liability was at common law. The payment of the $6,000 albeit by Wachter's common law insurer, was a payment against Wachter's liability under whatever theory it was ultimately based.

"Thus, under the facts of this case, the compensation act, and principles of equity, the compensation insurer, on behalf of Wachter, is entitled to take credit for $6,000. [Citing Lemmer v. Batzlie Electric, 267 Minn. 8, 125 N. W. (2d) 434.]"

The attorneys for the parties have advised the court that careful research has disclosed no decision of this or any other court dealing with this problem although attention is called to Matter of Martin v. C. A. Productions Co. 8 N. Y. (2d) 226, 203 N. Y. S. (2d) 845, 168 N. E. (2d) 666, where oblique reference to the problem is made in a dissenting opinion.

In our judgment, the determination of the Workmen's Compensation Commission is right in principle. The payment made to Anderson in March 1967 was made on behalf of his employer and because of the same

injuries which gave rise to the employer's obligation under the Workmen's Compensation Act. The objective of Iowa National, which apparently supplied the money as the liability carrier involved on account of the employer's possible common-law exposure, was not limited to protecting the interests of its insured. He carried his workmen's compensation insurance with a different insurer. In making the payment, Iowa National sought to divert the employee's attack from Wachter in his role as the driver of a car subject to common-law liability to Wachter as a person responsible for benefits under the Workmen's Compensation Act. Iowa National's hope was that the employee's right to workmen's compensation would be established and the common-law liability thereby eliminated. The hazard of recognizing an arrangement of this kind comes from the fact that a claimant is urged thereby to assert one of two alternate but diametrically opposed claims of fact in exchange for a payment of money. If, in exchange for the $6,000, Iowa National had taken from Anderson on behalf of Wachter a covenant not to sue absolute in form, we would recognize the agreement. Covenants not to sue are an accepted method of relieving a party from the hazards, and the courts from the burdens, involved in common-law litigation.[1] But the agreement executed in this case is not such a covenant. By its terms, the employee reserved his common-law action against Wachter should his effort to recover workmen's compensation prove unsuccessful. This being so, the considerations of public policy which justify covenants not to sue are not applicable. The rule permitting a party to press inconsistent claims in the alternative until one is established[2] does not apply here. We hold that the payment made, at least in so far as it resulted in a benefit to the employee, relieves the employer on whose behalf the payment was made from so much of the obligation

---

[1] See, Gronquist v. Olson, 242 Minn. 119, 64 N. W. (2d) 159; 15 Minn. Dig., Release, Key No. 37. Cf. Musolf v. Duluth Edison Elec. Co. 108 Minn. 369, 122 N. W. 499; 24 L.R.A. (N.S.) 451; 76 C. J. S., Release, § 50(c).

[2] See, Cashen v. Owens, 225 Minn. 25, 29 N. W. (2d) 440; 7 Minn. Dig., Election of Remedies, Key No. 9; 28 C. J. S., Election of Remedies, § 1.

under the Workmen's Compensation Act as is represented by the employee's net recovery from the liability carrier.

It is true that Iowa National had no contractual obligation to pay anything on account of the employer's workmen's compensation exposure. The payment having been made on behalf of the employer, the commission was justified in treating the payment by the liability insurer as a payment in behalf of the employer on account of whatever exposure he had arising out of the accident. It is true that the employee, had he pursued his common-law action to decision, might well have received a verdict greater in amount than the award to which he will be entitled under the Workmen's Compensation Act. But a claimant cannot use the power of litigation, given to him for the purpose of satisfying his just demands, as leverage for the purpose of securing payments depending upon which of the alternate processes afforded by the law he avails himself of first.

It is true, also, that if the employee had been regularly furnished transportation by his employer, the workmen's compensation obligation was fixed by the Workmen's Compenstion Act and the decision which we have reached relieves the employer's workmen's compensation carrier to some extent from the full impact of its obligation. On the other hand, if the employee had proceeded with his common-law action in the district court, as he would have done had the payments by Iowa National not been made, it is at least possible that liability for workmen's compensation would have been eliminated entirely.

The Workmen's Compensation Commission treated the full $6,000 paid in the settlement as a credit against the liability of the employer's obligation under the Workmen's Compensation Act. We believe that the credit should be limited to the sum of $4,000, which was the net amount received by the employee. The other $2,000 was allocated to the employee's attorney as his share of the consideration paid for the stipulation to dismiss. While we do not feel that the employee should be charged with this amount which he did not receive, we think it entirely proper for the commission to take into consideration the receipt of this sum by his attorney when allocating his attorney's fees on account of the compensation proceedings.

Affirmed with directions.