WALKER, Chief Justice,
for the Court:
This is an appeal from the Circuit Court of Holmes County, Mississippi evolving from a claim for workers’ compensation benefits.
On June 19, 1973, Roosevelt Head, Jr., Rufus Head, Lester D. Johnson and Arthur Lee Mason, employees of Lakeland Plantation, were involved in a motor vehicle collision. At the time of the accident Lester Johnson was enroute to lunch in a pickup truck provided by Lakeland Plantation and driven by Roosevelt Head, Sr., a co-employee. Roosevelt Head, Sr. was allowed to use the truck to transport himself and those workers in need of transportation not only to and from work but also to and from lunch. Johnson was severely injured in the accident.
In 1975 Johnson filed his motion to controvert. Thereafter, a civil action sounding in tort was filed by the claimant against Frederick A. Ahner and C.D. Kilgore d/b/a Vicksburg Truck Center, the third party whose truck collided with the Lakeland Plantation vehicle; Ruby Moore, adminis-tratrix of the estate of Roosevelt Head, Sr., deceased; George Langdon, farm manager; and John Sawyer, owner of Lakeland Plantation. Prior to trial the claimant entered into a settlement and release agreement in 1980 whereby he received the following:
1. Two Thousand Dollars ($2,000.00) paid on behalf of Frederick Ahner and Kilgore d/b/a Vicksburg Truck Center.
2. Thirty-Five Hundred Dollars ($3,500.00) on behalf of John Sawyer.
3. Fifty-Five Hundred Dollars ($5,500.00) on behalf of George Lang-don and Ruby Moore administratrix of the estate of Roosevelt Head, Sr.
In 1981 a hearing was held before the administrative judge of the Mississippi Workers’ Compensation Commission. With regard to those issues pertinent to this appeal he found:
1. At the time of the accident the claimant was acting in the course and scope of his employment for Lake-land Plantation;
2. The employer and carrier were to be given credit against the awards made to Lester Johnson for sums received by him in settlement of third party actions and direct suit against the employer arising out of the accident causing the injuries to Johnson.
Upon issuance of the administrative judge's order the claimant filed his petition for review with the full commission. Following review by the full commission the order of the administrative judge was af *483 firmed in part and amended in part as follows:
The administrative judge erred in allowing defendants credit against their workmen’s compensation liability for those sums paid to claimants by their employer and co-employees pursuant to the settlement and release agreement entered into. Thus the defendants are entitled only to a credit against their workmen’s compensation liability equal to the amount paid the claimants pursuant to their settlement of the tort claim against the third party, Ahner and Kilgore d/b/a Vicksburg Trucking.
The commission’s finding was appealed to the Circuit Court of Holmes County and was affirmed. The appellants, John Sawyer d/b/a Lakeland Plantation and Southern Farm Bureau Casualty Insurance Company, aggrieved with the finding of the Workers’ Compensation Commission and holding of the Circuit Court have perfected an appeal to this Court.
This case is controlled by our decision in John Sawyer d/b/a Lakeland Plantation & Southern Farm Bureau Casualty Insurance Company v. Rufus Head, Deceased, Dependents of, 510 So.2d 472 (Miss.1987). Our holding in that case requires this cause be reversed and the order of the administrative judge be reinstated.
REVERSED AND THE SEPTEMBER 29, 1981 ORDER OF THE ADMINISTRATIVE JUDGE IS REINSTATED.
ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.