# IN THE COURT OF APPEALS
# OF THE
# STATE OF MISSISSIPPI
## NO. 97-CC-00412 COA

**JACKSON COUNTY SCHOOL DISTRICT**        **APPELLANT**

**v.**

**SOUTH MISSISSIPPI WORKERS COMPENSATION FUND**        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/10/97 |
| TRIAL JUDGE: | HON. BILL JONES |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MARGARET P. ELLIS |
| ATTORNEYS FOR APPELLEE: | BILLY W. HOOD |
| | BENJAMIN U. BOWDEN |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| TRIAL COURT DISPOSITION: | APPELLANT ORDERED TO PAY ASSESSMENT |
| DISPOSITION: | AFFIRMED - 10/27/98 |
| MOTION FOR REHEARING FILED: | 11/20/98 |
| CERTIORARI FILED: | 2/23/99 |
| MANDATE ISSUED: | |

BEFORE BRIDGES, C.J., COLEMAN, AND HERRING, JJ.

BRIDGES, C.J., FOR THE COURT:

¶1. This is an appeal from an order of the Circuit Court of Jackson County entered February 10, 1997, affirming the June 20, 1996 order of the Mississippi Workers' Compensation Commission directing the Jackson County School District to pay immediately the assessed amount of $58,218 to the South Mississippi Workers' Compensation Fund. Aggrieved, the Jackson County School District appeals, assigning the following as error:

**1. Whether the Jackson County School District owed the monies assessed against it to the South Mississippi Workers' Compensation Fund;**

**2. Whether the Jackson County School District was a member of the Fund since the Fund failed**

**to have the District execute the necessary documents in order to become a member and failed to get the Board's approval to enter into the indemnity agreement or adopt a resolution necessary for this entry;**

**3. Whether the Fund's attempt to execute on a document which was not final was an abuse of process, and whether the Fund's attempt to extort the monies from the District based on a document which was not final was an abuse of process.**

¶2. We find these issues to be procedurally barred. Accordingly, we affirm.

## STATEMENT OF THE FACTS

¶3. The Board of Trustees of the South Mississippi Workers' Compensation Fund ("Fund") voted to discontinue operations and cease providing workers' compensation coverage effective July 1, 1995. As the regulatory body responsible for the certification and regulation of self-insurance pursuant to Miss. Code Ann. § 71-3-75 (Rev. 1995), the Mississippi Workers' Compensation Commission ("MWCC" or "Commission") by order dated July 11, 1995, directed:

(1) that the Fund continue in operation under the Certificate of Authority previously granted the Fund by the MWCC;

(2) that the Fund be placed under new management and continue its operations until such time as all claims, whether presently known or unknown, which are accrued through June 30, 1995 are resolved in accordance with the Workers' Compensation Law and rules of the Commission;

(3) that the Fund provide no new workers' compensation coverage on or after July 1, 1995, or assume no new liabilities or obligations, other than absolutely necessary to wind up the business of the Fund as to accrued claims;

(4) that the workers' compensation coverage of existing Fund members not be extended beyond June 30, 1995; and

(5) that said members secure replacement coverage for any accidents, injuries or illnesses accruing on or after July 1, 1995.

¶4. To administer the Fund, the Commission appointed a new Board of Trustees ("Board"), giving the Board full powers and duties necessary to carry out the purpose of the July 11, 1995 order and to wind up the affairs of the Fund, consistent with Workers' Compensation Law, MWCC General Rule 7, the applicable Certificate of Authority and the existing by-laws of the Fund. The change in management of the Fund was effective as of the date of the order.

¶5. The Commission also designated an actuarial consultant to provide actuarial and related consulting services, and a certified public accountant to render financial, auditing, and related consulting services as may be required by the Fund or the Commission. Mississippi Municipal Service Company was designated as the service company to fulfill the intent of the order, including but not limited to, claims adjustment, collection of assessments and fees, and any other service necessary to the successful administration of the Fund.

¶6. Further, the order stated that "[a]ll members of the group whose membership therein has been terminated effective July 1, 1995 shall remain jointly and severally liable for workers' compensation obligations of the group and its members which were incurred or accrued during the members' period of membership."

¶7. A chronology of events pertinent to the present case follows:

On September 28, 1995, the Jackson County School District ("School District"), a Fund member since 1993, was advised that loss projections and recommendations on the assessment of each member to meet the deficit and close the books of the Fund for the Board's adoption was being developed by the service company, certified public accountant, and actuary.

On November 17, 1995, School District was notified of the adoption of a three-year assessment plan based on the projected ultimate losses of all members for the years of membership in the Fund including the short 1995 year period. The School District's assessment of $58,218 was allocated on the percentage of premium paid in each policy period. Included with the notice of the adoption of the plan was an invoice showing (a) the School District's total assessment as a Fund member; (b) any underpayment (overpayment) of audited premium shown as a debit (credit) against the assessment; and (c) the percentage of the total assessment due within thirty days from the date of invoice.[1]

On November 29, 1995, School District was notified that the Board would answer questions concerning the assessment at a meeting with Fund members on December 5, 1995. The record is silent as to whether a School District representative attended the meeting.

On March 13, 1996, the Board attorney, Billy W. Hood, advised the School District by certified mail to Dale Rivers that the 1996 assessment levied against the School District was past due and demanded immediate payment of the $58,218 assessment. Jackson County School District did not respond to the letter.

On April 3, 1996, the Board, through its attorney, notified the Commission that three Fund members, including Jackson County School District, had outstanding assessments.

On April 8, 1996, Hood informed the School District that the matter was being turned over to the MWCC for further action.

On April 23, 1996, the Commission, at the request of the Board of Trustees of the Fund, directed and ordered the School District to pay the assessments levied against it by the Board, or to appear before the Commission on May 30, 1996 to show cause why payment had not been tendered and why further action should not be taken by the Commission to enforce or compel payment of these amounts.

On May 30, 1996, the representatives of the three delinquent member entities were given the opportunity to argue before the Commission the liability of each delinquent member for the premium assessments. The Jackson County School District was represented by Jim Lucas at the show cause hearing.[2]

¶8. In its order of June 20, 1996, the Commission found:

Jackson County School District

By letters dated April 8 and 9, 1996, the Board of Trustees for the Fund again notified this District that its 1996 assessment in the amount of $58,218.00 was past due. It demanded payment immediately and further advised that the matter of their delinquency was being turned over to the Commission for further action. To date, no payment has been tendered by the Jackson County School District and no legitimate reason explaining this failure has been offered. As to the Jackson County School District, we are well satisfied that the assessment levied against it is perfectly justified, actuarially and otherwise. We feel further that they have been given ample opportunity to pay and without adequate reason or excuse have failed to do so. We therefore direct and order the Jackson County School District to immediately tender payment to the Fund in the assessed amount of $58, 218.00.

¶9. The Commission also found Jackson County School District liable for any and all future "actuarially justified assessments levied by the Fund in furtherance of the July 11, 1995 Order of the Commission."

¶10. On June 21, 1996, the Fund attorney, Billy Hood, sent to William H. Lee, Superintendent of Education, Jackson County Schools, a copy of the June 20 order affirming the assessment owed by the School District, along with a request that Lee or a representative of the School District contact him.

¶11. On June 24, 1996, Hood confirmed that the Fund would refrain from taking any action to enforce the MWCC order until the School District's board met on July 1, upon the assurance of the School District's attorney, Anne Sanders, that payment of the assessment would be recommended to the board at that meeting. Further, Hood informed Sanders that on June 24, 1996, Jim Lucas advised Hood that the Jackson County School Board was considering an appeal and that Hood "assume[d] any appeal action or recommendation thereof is now a moot issue. If not, please advise me otherwise."

¶12. The Jackson County School District paid $58,218 under protest to the South Mississippi Workers' Compensation Fund.

¶13. On July 11, 1996, the School District perfected its appeal of the June 20, 1996 order of the MWCC to the Circuit Court of Jackson County, alleging that the MWCC erred when it ordered the School District to tender $58,218 to the Fund.

¶14. On February 10, 1997, the Circuit Court of Jackson County summarily affirmed the order of the Mississippi Workers' Compensation Commission.

¶15. On March 7, 1997, the Jackson County School District perfected this appeal.


## ARGUMENT AND DISCUSSION OF THE LAW

¶16. Only after this case was appealed from the MWCC did the Jackson County School District allege it was not a valid member of the Fund because the School District only accepted a bid to purchase workers' compensation insurance from Stewart Sneed & Hewes; the School District was not authorized to enter into an indemnity agreement nor did it execute such an indemnity agreement as required by MWCC Rule 7, Section 5(A); and, without an executed indemnity agreement, the Fund had no lawful basis for the assessment against the Jackson County School District. Further, the School District argues that Jim Lucas,

its representative at the hearing before the Commission on May 30, did not present any evidence to the Commission because "[i]t was apparent that it was not [the Commission's] intent to consider any arguments made on behalf of the members who had been assessed."

¶17. Nothing in the record supports the School District's claim that the MWCC would not fairly and impartially consider any evidence presented to the Commission. The School District had the burden to make sure there was a complete record before the MWCC to support its arguments. "As a matter of fact, it is an appellant's duty to justify [its] arguments of error with a proper record, which does not include mere assertions in [its] brief . . . ." *American Fire Protection v. Lewis*, 653 So. 2d 1387, 1389 (Miss. 1995).

¶18. Because the School District brought these claims for the first time on appeal in the Circuit Court of Jackson County, these issues are procedurally barred from our review. *American Fire*, 653 So. 2d at 1389(Miss. 1995) (stating the court may not act upon or consider matters which do not appear in the record and must confine itself to what actually does appear in the record); *Sawyer v. Head*, 510 So. 2d 472, 473 (Miss. 1987) (involving workers' compensation case which held that error must be presented to commission and to circuit court through assignment of error by direct or cross appeal or would be procedurally barred from review).

¶19. This Court will therefore not consider these issues on appeal.

¶20. **THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.**

**McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.**

1. A copy of the invoice was not a part of the record.

2. No transcript of the hearing was presented to the Court for review.