Lester WHITEHEAD, Plaintiff,

v.

ZURICH AMERICAN INS. CO., Defendant.

Civ.A. No. 1:01CV259–M–D.

United States District Court, N.D. Mississippi, Eastern Division.

Sept. 3, 2002.

David Michael Brisolara, David Brisolara, Attorney, Ackerman, MS, for plaintiff.

John D. Price, Wise, Carter, Child & Caraway, Jackson, MS, for defendant.

## MEMORANDUM OPINION

MILLS, District Judge.

This cause comes before the Court upon the motion to dismiss or, in the alternative, to stay filed by Zurich American Ins. Co. ("Zurich"). Upon due consideration of the parties' motions and the memoranda, the Court is ready to rule.

## PROCEDURAL HISTORY

This action was originally filed in the Circuit Court of Choctaw County, Mississippi. The defendant filed for removal under 28 U.S.C. § 1441. Pursuant to 28 U.S.C. § 1446, the action was removed to this Court.

## FACTS

The Plaintiff, Lester Whitehead, is an employee of F.E. Moran, Inc. Fire Protection and Contractor ("Moran"). The Defendant, Zurich, provides Moran workers' compensation insurance under the Mississippi Workers' Compensation Act. Moran is not a party to this action.

On July 12, 2000, Whitehead injured his leg during the course of his employment at the Red Hills EcoPlex. Shortly after Whitehead's injury occurred, an employee of Moran took Whitehead to the hospital for emergency treatment. On August 3, 2001, Zurich paid for Whitehead's emergency room treatment. Whitehead underwent surgery for his leg injury on September 5, 2000. On October 17, 2001, Zurich paid Whitehead $1,582.15 in temporary disability benefits. This amount reflects Whitehead's temporary disability payments from the date of Whitehead's Sep-

tember 5, 2000 surgery through October 9, 2000.

A Workers' Compensation Commission case is currently underway. The Commission has made no determination of Whitehead's disability or of Zurich's liability, if any. Whitehead requests temporary disability benefits from the date of his injury to the present.

Whitehead brought this civil suit alleging that Zurich failed to investigate his benefits claim and failed to pay workers' compensation benefits. Whitehead claims compensatory damages for medical expenses and for loss of income. Whitehead seeks punitive damages for alleged bad faith on the part of Zurich.

Whitehead moved the Magistrate Court to amend his complaint to add Moran as a defendant. The Magistrate Court twice denied that motion. Whitehead has, in several motions, requested that this Court allow him to add F.E. Moran as a defendant.

Whitehead's workers' compensation case is still pending.

## LAW

### Standard of Review for 12(b)(6) Motions

 Rule 12(b)(6) permits dismissal of a claim when the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12. A 12(b)(6) motion is viewed with disfavor and is rarely granted. *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997). When considering a 12(b)(6) motion, a court views the complaint in the light most favorable to the plaintiff. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000). The court must view all of the plaintiff's pleaded facts as true. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). The plaintiff must plead specific facts—not just conclusory allegations—to avoid dismissal. *Guidry v. Bank of*

*LaPlace*, 954 F.2d 278, 281 (5th Cir.1992). The court should grant a motion to dismiss only when it appears certain the plaintiff can prove no set of facts which would entitle the plaintiff to relief. *C.C. Port, Ltd. v. Davis–Penn Mtg. Co.*, 61 F.3d 288, 289 (5th Cir.1995). While alleged facts normally support dismissal, such motion may also be appropriate if a successful affirmative defense appears on the face of the pleadings. *Tucker v. United Fire and Cas. Co.*, 1998 WL 433954, at *2 (N.D.Miss.1998).

### Rule 12(b)(6) and Failure to Exhaust Administrative Remedies

 Rule 12(b)(6) of the Federal Rules of Civil Procedure provides a basis for dismissal for failure to exhaust administrative remedies. *Taylor v. U.S. Treasury Dept.*, 127 F.3d 470, 478 n. 8 (5th Cir.1997). A court may grant such a motion without prejudice. *Id.* In determining whether a party must exhaust administrative remedies, a federal court balances the individual's interest in "retaining prompt access" to the federal courts against the "institutional interests favoring exhaustion." *Zephyr Aviation, L.L.C. v. Dailey*, 247 F.3d 565, 570 (5th Cir.2001).

## DISCUSSION

### Defendant's Motion to Dismiss

Zurich seeks dismissal of Whitehead's claims for failure to exhaust administrative remedies. The issue before the Court is whether Whitehead should be allowed to proceed in federal court, or should wait for a final administrative decision by the Workers' Compensation Commission before bringing his claims. This Court finds that the Mississippi Workers' Compensation Commission must determine liability before Whitehead can state a claim.

■ The Mississippi Workers' Compensation Act makes its remedies exclusive when a party has an action pending. Miss. Code Ann. § 71–3–9. An exception to the Act allows a party to pursue workers' compensation benefits and also to seek recovery in a court of law when benefits and liability in tort are both denied. *Sawyer v. Head, Dependents of,* 510 So.2d 472, 476 (Miss.1987). A party may not bring a tort claim if the facts show the party is "entitled to worker's [*sic*] compensation benefits arising out of the same occurrence." *Id.*

Whitehead's allegations of wrongdoing do not save him from the procedural requirements of the Mississippi Workers' Compensation Act. Absent a final determination of Whitehead's entitlement to workers' compensation benefits, Whitehead may not pursue relief before this Court. Nowhere in the pleadings does Whitehead assert that the Workers' Compensation Commission has found him entitled to benefits. The Workers' Compensation Commission has not found Zurich liable for any other behavior. Because Whitehead can neither show a determination of benefits owed nor a finding of liability by the Workers' Compensation Commission, his pleadings fail to state a claim.

*Plaintiff's "Bad Faith" Claim*

■ The Mississippi Supreme Court has held that workers may not bring a civil action against employers for bad faith refusal to provide benefits unless the Workers' Compensation Commission first determines such benefits reasonable and necessary. *Walls v. Franklin Corp.,* 797 So.2d 973, 977 (Miss.2001). The Workers' Compensation Commission has not found bad faith refusal on Zurich's part. Therefore, this claim is not ripe for adjudication by this Court.

*Plaintiff's Motion to Amend*

Whitehead has several times requested that this Court allow him to amend his complaint to add F.E. Moran as a defendant. Whitehead would pursue his amended lawsuit in this Court and would withdraw his workers' compensation action.

The Magistrate Court twice rejected Whitehead's attempts to amend his complaint. The Magistrate Court found that Whitehead "must exhaust his administrative remedies under the Workers' Compensation Act before being eligible to sue his employer in [civil] court." [17–1]. Through its decision today requiring exhaustion of administrative remedies, this Court dispenses with Whitehead's Motion for Partial Summary Judgment [32–1] as well as Whitehead's February 15, 2002 Appeal of the Magistrate Judge's Order [22–1] denying Motion for Reconsideration [20–1].

## CONCLUSION

Because of Whitehead's failure to exhaust his administrative remedies, he has failed to state a claim for which this Court can grant relief. Mississippi law provides a forum for resolving workers' compensation disputes. Absent a determination by the Mississippi Workers' Compensation Commission, Whitehead's present action cannot stand.

For the foregoing reasons, the Court finds that defendants' motion to dismiss is well taken and shall be **GRANTED without prejudice:**

## ORDER

Pursuant to the accompanying memorandum opinion issued this day, the Motion to Dismiss, or, in the Alternative, to Stay filed by Zurich American Ins. Co. GRANTED in part and DENIED in part, in that:

1. Zurich's motion to dismiss is **GRANTED**
2. Zurich's motion to stay is **DENIED**
3. Lester Whitehead's case is **DISMISSED WITHOUT PREJUDICE.**