United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-60907

LESTER WHITEHEAD

Plaintiff-Appellant,

VERSUS

ZURICH AMERICAN INSURANCE COMPANY

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Mississippi, Aberdeen

Before BARKSDALE, DeMOSS and BENAVIDES, Circuit Judges.

DeMoss, Circuit Judge:

Plaintiff-Appellant, Lester Whitehead ("Whitehead"), appeals the dismissal of his intentional tort claims against Defendant-Appellee, his employer's workers' compensation insurance carrier, Zurich American Insurance Company ("Zurich"). The district court dismissed Whitehead's claim as premature because he had failed to exhaust his administrative remedies. The district court also denied Whitehead's motion to amend his complaint and add his employer as a defendant.

BACKGROUND

Whitehead is an employee of F.E. Moran, Inc. Fire Protection ("Moran"). Moran is not a party to this action. Zurich is Moran's workers' compensation insurance carrier. Zurich is the Defendant-Appellee in this case.

Whitehead injured his leg on the job on July 12, 2000. He was taken to an emergency room that day by another Moran employee. He returned to work the next day but was sent home because he was unable to work. On September 5, 2000, Whitehead underwent a surgical procedure on his leg. Whitehead initially alleged that his work-related injury had caused the recurrence of his non-Hodgkins lymphoma, which had been in remission. He later withdrew this allegation.

Although it is clear that Whitehead filed a workers' compensation claim with the Mississippi Workers' Compensation Commission ("Commission"), it is unclear when he did so. Zurich did not learn of Whitehead's injury until October 16, 2000. In any event, Whitehead filed a petition to controvert his workers' compensation case on March 16, 2001. Zurich filed an answer to the petition on April 9, 2001, contesting the nature, degree, and extent of Whitehead's disability and the causal connection between the injury and his medical expenses. On August 3, 2001, Zurich paid for the emergency room treatment Whitehead received in July 2000. On October 17, 2001, Zurich paid Whitehead $1582.15 for

temporary total disability benefits covering the period between September 5, 2000, the day of Whitehead's leg surgery, and October 9, 2000.

On June 7, 2001, Whitehead sued Zurich in state court alleging both negligent and bad faith failure to investigate his workers' compensation claim and to compensate him for his medical expenses and lost wages. He sought compensatory and punitive damages. Zurich removed the suit to the Northern District of Mississippi on July 5, 2001. Whitehead several times unsuccessfully moved to amend his complaint to name Moran as a defendant. The district court subsequently granted Zurich's motion to dismiss and dismissed the case without prejudice, concluding that Whitehead's suit was premature because his workers' compensation claim was still pending before the Commission. The district court did not permit Whitehead to amend his complaint and add Moran because the court believed the issue moot due to its ruling that the case must be dismissed as premature. This appeal followed the district court's denial of Whitehead's motion to reconsider.

On September 2, 2003, counsel for Whitehead filed a Suggestion of Death and Motion for Substitution of Plaintiff/Appellant with this Court. Lester Whitehead died on July 16, 2003, due to health reasons not related to injuries at issue in this litigation. Whitehead's counsel requested that Whitehead's only natural child, only named heir, and personal representative, Bryan O'Neal Whitehead, be permitted to be substituted for Whitehead. At oral

3

arguments on September 4, 2003, the panel requested that both parties submit letter briefs to the Court concerning whether Whitehead's claim before the Commission survives and whether his civil claim for bad faith survives.  Because we are affirming the district court's dismissal of Whitehead's claim without prejudice and it appears that Whitehead's claim for benefits under the Mississippi Workers' Compensation Act survives to his heirs and likewise the executor of his estate may refile his civil claim at the appropriate time, Whitehead's death does not affect this current appeal.

## DISCUSSION

### I.  Whether the district court erred in granting Zurich's motion to dismiss.

We review a district court's dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure de novo, applying the same standards followed below.  Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982).  In deciding a Rule 12(b)(6) motion, we accept all factual allegations made by the plaintiff as true and resolve any doubts about the sufficiency of the evidence in his favor.  Id.  Dismissal is warranted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  Id.  Further, a case may be dismissed without prejudice for failure to exhaust administrative remedies under Rule 12(b)(6).  Taylor v. United States Treasury Dept., 127

4

F.3d 470, 478 n.8 (5th Cir. 1997).  In determining whether a party must exhaust administrative remedies, a federal court balances the individual's interest in "retaining prompt access" to the federal courts against the "institutional interests favoring exhaustion." Zephyr Aviation, L.L.C. v. Dailey, 247 F.3d 565, 570 (5th Cir. 2001).

The Mississippi Workers' Compensation Act provides that statutory compensation is the exclusive remedy available to an employee who suffers an injury on the job:

> The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee . . . or otherwise from such employer on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee . . . may elect to claim compensation under this chapter, or to maintain an action at law for damages on account of such injury or death . . . .

Miss. Code Ann. § 71-3-9 (2000).  This statute bars an employee's common law tort action against his employer's insurance carrier based on a negligent failure to pay workers' compensation benefits. Taylor v. United States Fid. & Guar. Co., 420 So. 2d 564, 566 (Miss. 1982).[1]  It does not, however, prevent the employee's action against the carrier "for the commission of an intentional tort" independent of the compensable injury.  Southern Farm Bureau Cas. Ins. v. Holland, 469 So. 2d 55, 59 (Miss. 1984).  In particular, the employee can sue the carrier for bad faith refusal to pay

---

[1] Whitehead has not appealed the district court's dismissal of his negligence claim.

5

benefits owed because such a claim arises not from the work-related injury but from an independent act that is not compensable under the Workers' Compensation Act.  Id. at 58-59.

The Mississippi Supreme Court, however, has required the exhaustion of the administrative remedial process before an intentional tort claim against a carrier can be brought. Walls v. Franklin Corp., 797 So. 2d 973, 977 (Miss. 2001) (en banc).  In Walls, the court held that an employee cannot allege that a carrier has refused to pay for certain medical services and supplies in bad faith in the absence of a determination by the Commission that those services and supplies were reasonable and necessary.  Id. The Walls court examined the earlier Mississippi Supreme Court cases dealing with viable bad faith claims and determined that although in those cases the court did not require exhaustion of administrative remedies it appears that exhaustion was either not an issue or the plaintiffs had exhausted their administrative remedies prior to bringing the bad faith suit.  Id. at 975-76 (discussing Leathers v. Aetna Cas. & Sur. Co., 500 So. 2d 451 (Miss. 1986); McCain v. Northwestern Nat'l Ins. Co., 484 So. 2d 1001 (Miss. 1986); Luckett v. Mississippi Wood Inc., 481 So. 2d 288 (Miss. 1985); Holland, 469 So. 2d at 55)).  Ultimately in Walls, the Mississippi Supreme Court reinstated the lower state circuit court opinion which held that "'exhaustion of the administrative remedial process is a mandatory condition precedent to the maintaining of a 'bad faith' suit for an allegedly wrongful denial

of any workers['] compensation benefits.'" Id. at 975 (quoting the judgment of the Chickasaw County Circuit Court).

As the district court noted in its October 3, 2002, Order, Walls requires that the Mississippi Workers' Compensation Commission make a determination as to whether Whitehead's claimed benefits are reasonable and necessary before he can commence a civil action for denial of benefits. Therefore, the district court did not err in dismissing without prejudice Whitehead's case.

**II.  Whether the district court erred in denying Whitehead's motion to amend his complaint to add Moran as a defendant.**

The Mississippi Supreme Court has also held that employees are allowed to bring bad faith failure to pay claims against employers. Luckett, 481 So. 2d at 290 ("Today we extend Holland to include a bad faith refusal action against the employer, as well as the carrier, and hold that [the plaintiff] may recover if he can prove his claim."); Holland, 469 So. 2d at 58-59. Yet, the same exhaustion requirement applies to any potential claim Whitehead may have against Moran. See Sawyer v. Head, 510 So. 2d 472, 474 (Miss. 1987). Therefore, the district court did not err in denying Whitehead's motion to amend.

**CONCLUSION**

Having carefully reviewed the record of this case, the parties' respective briefing and arguments, for the reasons set forth above and essentially for the reasons given by the district court, the denial of Whitehead's motion to amend and the dismissal

7

of his claim without prejudice are affirmed.

**AFFIRMED.**