# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2026

Lyle W. Cayce
Clerk

No. 25-60586
Summary Calendar

———————————

Leneice Divinity,

*Plaintiff—Appellant*,

*versus*

Bridgefield Casualty Insurance Company; Summit Consulting, L.L.C.,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:24-CV-522

———————————————————————

Before Davis, Wilson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

After being injured on the job, pro se Plaintiff-Appellant Leneice Divinity filed a workers' compensation claim and received disability benefits for several years. Thereafter, an Administrative Law Judge ruled that she had achieved maximum medical improvement on March 22, 2019, and was not entitled to disability payments after that date. The Mississippi Workers'

—————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60586

Compensation Commission and the Mississippi Court of Appeals, in turn, affirmed the ALJ's decision. Nevertheless, Divinity filed the instant suit against the workers' compensation carrier and its claims administrator, alleging they acted in bad faith by ceasing benefit payments on April 3, 2020.[1] The district court granted summary judgment for Defendants-Appellees, explaining that their cessation of payments was not in bad faith because the Commission had already determined such benefit payments were not due. Divinity timely appealed.

Divinity raises only two issues on appeal, neither of which is persuasive. First, she contends that she named "Summit Holdings" as a defendant but the district court improperly redesignated it "Summit Consulting, LLC." This was merely a correction of that entity's legal name and had no effect on the parties involved or the merits of the case.[2] Second, Divinity argues that she was deprived of the opportunity to present evidence because the district court granted summary judgment before holding a pretrial conference. Divinity misunderstands federal procedure: summary judgment evidence must be presented in an opposition brief, not at the pretrial conference. And regardless, Divinity does not summarize the evidence she intended to offer or otherwise explain how it would have changed the outcome of her case.[3] In sum, we agree that Divinity seeks to

---

[1] The Mississippi Workers' Compensation Act is the exclusive remedy for negligent failure to pay compensation benefits. *Whitehead v. Zurich Am. Ins. Co.*, 348 F.3d 478, 481 (5th Cir. 2003). But "the employee can sue the carrier for bad faith refusal to pay benefits owed because such a claim arises not from the work-related injury but from an independent act that is not compensable under the Workers' Compensation Act." *Id.*

[2] *See* 28 U.S.C. § 2111 ("On the hearing of any appeal or writ of certiorari in any case, the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties.").

[3] *See id.*

No. 25-60586

undermine the state court judgment determining that she had received all the benefits due under the Mississippi Workers Compensation Act.

AFFIRMED.