PAYNE, J., for the Court:
PROCEDURAL POSTURE AND ISSUE PRESENTED
¶ 1. This case is before the Court on appeal from an order of summary judgment entered against Bennett Branch by the Circuit Court of Pike County, the Honorable Keith Starrett, presiding. Feeling aggrieved, Branch filed his notice of appeal, attacking the trial court’s summary dismissal of his case. Upon review of the record in this case and the briefs filed by both parties, we sustain the trial court’s grant of summary judgment. Accordingly, Branch’s appeal is overruled.
FACTS
¶ 2. Branch filed suit against the appel-lees alleging abuse of process, false arrest, malicious prosecution, and intentional infliction of emotional distress in what appears to be a classic love triangle involving Branch, Durham, and King. Branch alleged $1,000,000 in actual damages and $5,000,000 in punitive damages, for a total of $6,000,000. After the filing of the complaint, the following series of events transpired: .
April 24, 1996 — Durham served with process
April 25, 1996 — Durham filed answer and affirmative defenses
April 25, 1996 — Durham filed first set of interrogatories a request for production of documents for Bennett[1]
May 23, 1996 — Service of process on King unsuccessful
May 24, 1996 — King’s service of process left with Ethel Walker, mother of King, at her Louisiana address
June 11, 1996 — Durham filed motion to compel Branch’s response to first set of *770 interrogatories and for compelled production of documents as well as notice of deposition for Branch
June 28, 1996 — Trial judge ordered discovery compliance by Branch
April 29, 1997 — Durham filed his motion for summary judgment
June 11, 1997 — Branch filed his response and memorandum of law in support of his response and his affidavit, as well as supporting affidavits of other individuals in opposition to Durham’s motion for summary judgment
July 21, 1997 — Durham filed his answer to Branch’s response to Durham’s motion for summary judgment
August 4, 1997 — King personally served with process in Pike County, Mississippi
August 19, 1997 — King filed her special appearance contesting in personam jurisdiction and lack of proper service of process
September 26, 1997 — Trial judge orders that the trial court lacked in personam jurisdiction over King and that the personal service of process was improper
November 13, 1997 — Trial judge entered order of summary judgment in favor of Durham; ordered alias service of process for King under MRCP 4(h)
In his June 11, 1997 filings, Branch submitted to the trial court eight affidavits, in addition to his own, of individuals whom he said created many genuine issues of material fact that would thwart Durham’s motion for summary judgment. Durham countered by alleging that the affidavits created no genuine issue of material fact as to his involvement in the damages suffered by Branch.
¶ 3. In a November 13, 1997 order, the circuit judge granted Durham’s motion for summary judgment, relying on Stewart v. Southeast Foods, Inc., 688 So.2d 733 (Miss.1996). In short, the trial court ruled that the affidavits submitted by Branch in opposition to Durham’s motion for summary judgments were hearsay not subject to any exception. In this appeal, Branch offers that the affidavits were hearsay, but were yet admissible under various exceptions to the hearsay rule.
ANALYSIS AND DISCUSSION OF LAW
¶ 4. We begin by stating our very familiar, and equally limited, standard of review with regard to a trial court’s grant of summary judgment. “The standard for reviewing the granting or the denying of summary judgment is the same standard as is employed by the trial court under Rule 56(c). This Court conducts de novo review of orders granting or denying summary judgment and looks at all the evidentiary matters before it — admissions in pleadings, answers to interrogatories, de positions, affidavits, etc.” Aetna Cas. and Sur. Co. v. Berry, 669 So.2d 56, 70 (Miss.1996) (citing Mantachie Natural Gas v. Miss. Valley Gas Co., 594 So.2d 1170, 1172 (Miss.1992)). The evidence must be viewed in the light most favorable to the party against whom the motion has been made. Russell v. Orr, 700 So.2d 619, 622 (Miss.1997); Northern Elec. Co. v. Phillips, 660 So.2d 1278, 1281 (Miss.1995). The burden of showing that no genuine issue of material fact exists lies with the moving party, and we give the benefit of every reasonable doubt to the party against whom summary judgment is sought. Tucker v. Hinds County, 558 So.2d 869, 872 (Miss.1990). We do not try issues. Rather, we only determine whether there are issues to be tried. Townsend v. Estate of Gilbert, 616 So.2d 333, 335 (Miss.1993). Furthermore, it is well-settled that motions for summary judgment are to be viewed with a skeptical eye, and if a trial court should err, it is better to err on the side of denying the motion. Aetna Cas. and Sur. Co., 669 So.2d at 70 (Miss.1996) (citing Ratliff v. Ratliff, 500 So.2d 981, 981 (Miss.1986)). The focal point of our de novo review is on material facts. In defining a “material” fact in the context of summary judgments, the Mississippi Supreme Court has stated that “[t]he pres *771 ence of fact issues in the record does not per se entitle a party to avoid summary judgment. The court must be convinced that the factual issue is a material one, one that matters in an outcome determinative sense.” Simmons v. Thompson Mach. of Miss., 631 So.2d 798, 801 (Miss.1994) (quoting Shaw v. Burchfield, 481 So.2d 247, 252 (Miss.1985)) (emphasis added).
¶ 5. In the case sub judice, the substance of Branch’s claims alleged that Durham and King were in cahoots with regard to the charges against him. The affidavits provided by Branch in support of his motion to deny summary judgment would be admissible if they were based on statements of personal knowledge by the affiants as to facts that would be admissible into evidence at trial. Stewart v. Southeast Foods, Inc., 688 So.2d 733, 734 (Miss.1996). Thus, in order for Branch to defeat Durham’s motion for summary judgment, he would have to provide affidavits of persons with personal knowledge of material facts relevant to his claims of abuse of process, malicious prosecution, false arrest, and intentional infliction of mental and emotional distress. Further, to overcome the hearsay problem with the affidavits, the sworn statements could not contain any out-of-court statements offered to prove their truth. Id.
¶ 6. After reviewing the affidavits in issue, we find no statements in any of the affidavits that would create any material issue of fact with regard to any of Branch’s claims. True, that while Branch’s affidavit may be admissible under Steiuart, it alone creates no issues of material fact. Further, the affidavits of Anthony Lynch, Don Tomilinson, and Toni Branch contain out-of-court statements being offered for their truth, which is rank hearsay not subject to any exceptions. Next, the affidavit of Eugene Deere, while containing no hearsay, offers no facts relevant to Branch’s charges. Further, the affidavits of Julius Smith and Malcom Branch have no material facts germane to any of Branch’s claims and only confirm that he once had a relationship with Pamela Sue King. Finally, John Ott’s affidavit only confirms that he represented Branch in Pike County Justice Court on an assault charge that was ultimately dismissed by the alleged victim, Pamela Sue King.
¶ 7. While certainly Branch may believe that Durham and King conspired to harm him as alleged in his pleadings, the affidavits proffered by Branch do not provide any disputed material facts relevant to his allegations. .• Accordingly, we affirm the trial court’s decision granting summary judgment to Durham.
¶ 8. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT GRANTING SUMMARY JUDGMENT TO THE APPELLEE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED AGAINST THE APPELLANT.
BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, KING, LEE, AND SOUTHWICK, JJ., CONCUR.
IRVING, J., NOT PARTICIPATING.

. This date is from the Durham’s motion to compel Branch's response to first set of interrogatories.