771 So.2d 1006 (2000)
Tanya EVANS, Individually, And on Behalf of the Wrongful Death Beneficiaries of Tony L. Evans, Deceased, Appellant,
v.
JACKSON COCA-COLA BOTTLING COMPANY, Appellee.
No. 1999-CA-01073-COA.
Court of Appeals of Mississippi.
November 28, 2000.
*1007 Gerald Patrick Collier, Attorney for Appellant.
F. Hall Bailey, Ridgeland, James William Manuel, Jackson, Attorneys for Appellee.
BEFORE McMILLIN, C.J., LEE, AND PAYNE, JJ.
PAYNE, J., for the Court:

PROCEDURAL HISTORY
¶ 1. Appellant Tanya Evans filed a complaint against Paul Campbell, an employee of Jackson Coca-Cola Bottling Company (Jackson Coke), on November 15, 1995, as a result of an automobile accident between her now-deceased husband and Campbell. On November 7, 1997, Tanya Evans filed a wrongful death action against Jackson Coke for death and severe injuries and damages that Tony Evans sustained in the accident with Campbell. These two suits were consolidated on April 10, 1998, at which time Campbell's motion for summary judgment was denied. The court did grant Jackson Coke's motion for summary judgment, though, on December 29, 1998. Evans filed a motion for reconsideration which was denied; from such denial, she now appeals to this Court.

FACTS
¶ 2. This case arose from a November 8, 1994 traffic accident between the appellant's now-deceased husband, Tony L. Evans, and Jackson Coke employee, Paul Campbell. The accident occurred around six a.m. when Campbell was on his way to work; both Campbell and the appellant claim the other party ran through a red light, resulting in Campbell's colliding with the driver's side of Tony Evans's car. Tony Evans was knocked unconscious upon impact and remained comatose for twenty-seven months before he died.
¶ 3. The issues in this case concern whether or not Paul Campbell was acting in the course and scope of his employment at the time of the collision. Evans claims that Campbell was wearing a Coca-Cola uniform and driving a Coca-Cola truck, therefore acting as an "advertiser" for the company, which would place Campbell as an actor in the course and scope of his employment. Jackson Coke, on the other hand, points out that the 1978 truck Campbell was driving was not a company truck, but one that had been retired from the Coke fleet, stripped of Coke logos, and sold to Campbell for personal use, as is a practice of Jackson Coke when vehicles are no longer needed for Coke's business purposes. Campbell was wearing his Coke uniform, but Jackson Coke says this is hardly the "advertising" that Evans alleges would render Campbell working for them by merely wearing this attire. Evans asks this Court to decide whether the trial court properly found that no genuine issue of material fact existed in granting Coke's motion for summary judgment.

ANALYSIS OF THE ISSUES PRESENTED

STANDARD OF REVIEW
¶ 4. With this appeal, the appellant raises the following issues for our review, which we cite verbatim from her brief:
I. WHETHER THE TRIAL COURT COMMITTED ERROR BY GRANTING SUMMARY JUDGMENT AND NOT ALLOWING THE JURY TO DECIDE THE QUESTION OF WHETHER PAUL J. CAMPBELL WAS PERFORMING AN ACT WITHIN THE SCOPE AND COURSE OF HIS EMPLOYMENT WITH JACKSON COCA-COLA BOTTLING COMPANY AND IN THE FURTHERANCE OF THE COMPANY'S BUSINESS AT THE TIME OF THE ACCIDENT.
II. WHETHER THE TRIAL COURT COMMITTED ERROR BY GRANTING SUMMARY JUDGMENT AND *1008 NOT ALLOWING THE JURY TO DECIDE THE QUESTION OF WHETHER PAUL J. CAMPBELL WAS ADVERTISING FOR JACKSON COCA-COLA BOTTLING COMPANY AND ACTING IN THE COURSE AND SCOPE OF HIS EMPLOYMENT AND IN THE FURTHERANCE OF JACKSON COCA-COLA BOTTLING COMPANY'S BUSINESS AT THE TIME OF THE ACCIDENT.
¶ 5. This is a question of whether or not summary judgment was properly granted in favor of Jackson Coke. Our standard of reviewing a trial court's grant of summary judgment is this:
The standard for reviewing the granting or the denying of summary judgment is the same standard as is employed by the trial court under Rule 56(c). This Court conducts de novo review of orders granting or denying summary judgment and looks at all the evidentiary matters before itadmissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. The burden of showing that no genuine issue of material fact exists lies with the moving party, and we give the benefit of every reasonable doubt to the party against whom summary judgment is sought. We do not try issues. Rather, we only determine whether there are issues to be tried. Furthermore, it is well-settled that motions for summary judgment are to be viewed with a skeptical eye, and if a trial court should err, it is better to err on the side of denying the motion. The focal point of our de novo review is on material facts. In defining a "material" fact in the context of summary judgments, the Mississippi Supreme Court has stated that "[t]he presence of fact issues in the record does not per se entitle a party to avoid summary judgment. The court must be convinced that the factual issue is a material one, one that matters in an outcome determinative sense."
Roebuck v. McDade, 760 So.2d 12 (¶ 9) (Miss.Ct.App.1999) (citations omitted). We have reviewed all the facts and the record in this case and have found that the trial court was proper in its granting summary judgment in favor of Jackson Coke. Therefore, we affirm.

DISCUSSION OF THE ISSUES
¶ 6. Evans's two claims essentially deal with one issue: whether or not Campbell was acting in the course and scope of his employment with Jackson Coke by virtue of his wearing the company uniform and by virtue of the vehicle he was driving. Thus, we address the two issues in one discussion.
¶ 7. First, Evans claims that since Campbell used a company truck, he was acting in the course of his employment. This is an incorrect deductionthe truck was Campbell's personal vehicle. The appellee's brief describes the process Jackson Coke uses to rid themselves of trucks they have replaced and retired in their fleet. Once the Coke logos have been removed from them, Coke employees are given the option to purchase the vehicles; this is how Campbell acquired his vehicle.
¶ 8. Campbell had purchased his 1978 truck from Jackson Coke to be used as a personal vehicle. He had acquired title to the truck and had secured a personal automobile insurance policy on the truck, as well. The truck had a white hood and doors, and the remainder of the truck was red. Evans claims this red and white color was an obvious color scheme used by Coke and, thus, the truck acted as advertisement for Coke. However, reviewing a description of the truck, there were no Coke logos on it, the red and white color scheme that Evans claims was obviously a Coke trademark was only a white hood and doors and a red truck body. Numerous companies use red and white color schemes and Evans's conclusion that this was Coke's and only Coke's recognizable *1009 scheme is a faulty conclusion. Ownership of the truck was unquestionably vested in Campbell, the truck had no visible Coke trademarks on it, and a color scheme this general cannot be easily associated with only one product as to qualify as an advertisement. Additionally, we have authority which says, "The general rule is that a servant using an automobile, whether belonging to his master or to himself, in going to and from his place of work, is not at such times engaged in work for his master but acts for his own purposes only." Mississippi Power and Light Co. v. Laney, 247 Miss. 71, 85, 154 So.2d 128, 134 (1963) (citations omitted). This claim is meritless and not a genuine issue to be tried.
¶ 9. With the second half of her argument, Evans claims that Campbell certainly "was in the course and scope of his employment and acting in the furtherance of Jackson Coke's business by advertising/marketing for Jackson Coke and/or acting under the policies of the Company which required employees to protect the image and reputation of the Company, while wearing a company uniform...." Evans attempts to argue that Campbell's wearing his Coke uniform deemed him a walking advertisement for his employer and, thus, rendered him acting in the course of his employment. Again, this conclusion is far-fetched and faulty.
¶ 10. We have to review the facts presented to determine if there is a genuine issue of material fact and, if such fact exists, whether that fact is outcome determinative. Here, Evans would have us believe that Campbell's wearing his uniform deemed him performing a job "duty," and we find this way too far a stretch. Evans cites various provisions in the handbook and quotes the Coke CEO as saying that employees are extensions and examples for the company when they are in uniform. The Coke handbook states:
Employees must remember that the Company uniform and vehicles are recognized symbols of the Coca-Cola Company and should exercise care to protect the image and reputation of the Company. Any conduct that casts discredit on the Company while in a Company uniform or Company vehicle and while on duty or off duty will subject the employee to disciplinary action.
Evans construes this rule from the handbook to mean that Campbell was furthering Jackson Coke's business by virtue of his wearing his uniform, which consisted of khaki pants and a white shirt with a small Coke insignia over the breast pocket. However, Evans cites no precedent which deems that a person's wearing a uniform means that the person is advertising for the company.
¶ 11. The sole governing authority Evans offers us is Coke's employee handbook, and the cases Evans cites for authority are not similar to this case and do not cover the issues she raises. Evans claims that "Paul J. Campbell was furthering Jackson Coke's business at the time of the accident because he was advertising for the Company at the time of the accident.... Paul J. Campbell was serving his master, Jackson Coke, by advertising for Coke at the time of the accident." As stated before, this leap is too far for us to stretch. There is no merit to Evans's arguments.

CONCLUSION
¶ 12. Evans fails to provide and we have found no authority to support Evans's contention that Jackson Coke's motion for summary judgment was improperly granted. Campbell was unquestionably driving his own personal vehicle, and not Coke's, at the time of the accident, and Campbell's uniform was not an advertisement for Coke as would render him working in the course and scope of his employment. Therefore, there are no genuine issues to be tried, and we affirm the trial court's granting summary judgment in favor of Jackson Coca-Cola Bottling Company.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS *1010 AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED AGAINST THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, MYERS, AND THOMAS, JJ., CONCUR.