822 So.2d 300 (2002)
Alisa WINGERTER, Appellant,
v.
BROTHERHOOD PRODUCTIONS, INC., Stone Group Pictures, Yoram Ben Ami, Craig Baxley, Paul Baxley and Evan James, Appellees.
No. 2000-CA-01088-COA.
Court of Appeals of Mississippi.
January 8, 2002.
Rehearing Denied March 19, 2002.
Certiorari Denied July 25, 2002.
*301 Paul S. Minor, Mark D. Lumpkin, Biloxi, Attorneys for Appellant.
Dorrance Dee Aultman, Jr., Hattiesburg, Kyle Stuart Moran, Attorneys for Appellees.
Before SOUTHWICK, P.J., IRVING, and MYERS, JJ.
MYERS, J., for the Court.
¶ 1. This case was filed in March, 1994 in Harrison County Circuit Court seeking compensation for Alisa Wingerter's damages while employed by Brotherhood Productions, Inc., a subsidiary of Stone Group Pictures. Ultimately this cause was submitted for summary judgment which was granted in favor of Brotherhood Productions by Honorable Jerry 0. Terry. Wingerter now appeals that decision. Finding no error in the lower court's ruling, we affirm.

FACTS
¶ 2. Alisa Wingerter was hired by Brotherhood Productions to be an extra in a film they were making in the summer of 1990. She was injured while riding a motorcycle during filming when the actor with whom she was riding lost control of the vehicle. Wingerter was thrown thirty feet and suffered multiple injuries. She filed a complaint in federal court in June 1993. In February 1994 an order was entered dismissing the case without prejudice to allow refiling in state court.
¶ 3. The state court case was filed in the beginning of March 1994.[1] A claim was made under the Mississippi Workers' Compensation Act for benefits. The workers' compensation claim was settled on April 14, 1998, with the entry of an order approving final compromise settlement. After signing, Wingerter executed a release to Brotherhood Productions in May 1998.
¶ 4. On May 3, 1999, Brotherhood Productions filed a motion for summary judgment alleging that Brotherhood Productions *302 and the remaining defendants were immune from civil liability under the exclusivity provisions of the Mississippi Workers' Compensation Act. On July 2, Wingerter filed a motion for an M.R.E. 56(f) denial or in the alternative for an extension of time within which to respond.[2] Wingerter alleged that she had not been afforded enough time in which to depose the remaining defendants. On July 15, Wingerter filed her response to Brotherhood Production's motion for summary judgment alleging that statements alleging the other defendants were co-employees of Wingerter were insufficient and without support of evidence that would be competent at trial.
¶ 5. The defendants filed a joint reply to Wingerter's response to their summary judgment motion. In their reply they contended that Wingerter had already compromised and settled all claims that she had under the provisions of the Act. A hearing was held on May 15, 2000, and the findings of fact and conclusions of law were entered on May 30th in favor of Brotherhood Productions and the other named defendants.

STANDARD OF REVIEW
¶ 6. "This Court conducts de novo review of orders granting or denying summary judgment and looks at all the evidentiary matters before itadmissions in pleadings, answers to interrogatories, depositions, affidavits, etc." Branch v. Durham, 742 So.2d 769, 770 (¶ 4) (Miss.Ct.App.1999) (quoting Aetna Cas. and Sur. Co. v. Berry, 669 So.2d 56, 70 (Miss.1996)). In addition, this evidence must be viewed in a light most favorable to the non-moving party. Branch, 742 So.2d at 770(¶ 4). The burden is on the moving party to show there is no issue of material fact. Conversely, the opposing party need only "establish a genuine issue of material fact by the means available under ... Miss. R. Civ. P. 56(c)." Spartan Foods Systems, Inc. v. American Nat'l Ins. Co., 582 So.2d 399, 402 (Miss. 1991). The supreme court has further stated that
[w]e do not try issues. Rather, we only determine whether there are issues to be tried. Furthermore, it is well-settled that motions for summary judgment are to be viewed with a skeptical eye, and if a trial court should err, it is better to err on the side of denying the motion. The focal point of our de novo review is on material facts. In defining a "material" fact in the context of summary judgments, the Mississippi Supreme Court has stated that "[t]he presence of fact issues in the record does not per se entitle a party to avoid summary judgment. The court must be convinced that the factual issue is a material one, one that matters in an outcome determinative sense."
Dailey v. Methodist Med. Ctr., 790 So.2d 903, 907 (¶ 3) (Miss.Ct.App.2001), citing Evans v. Jackson Coca-Cola Bottling Co., 771 So.2d 1006, 1008 (Miss.Ct.App.2000).
¶ 7. In addition, we must consider the applicability of the exclusiveness of liability section of the Mississippi Workers' Compensation Act which provides:
[t]he liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, *303 next-of-kin, and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this chapter or to maintain and action at law for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee.
Miss.Code Ann. § 71-3-9 (Rev.2000). "This is more than a statement of the lawit is a statement of public policy by the legislature justifying the imposition of liability for payment of benefits under the Act and the taking away of the employer's common law defenses. We have extended to co-employees this umbrella of immunity provided employers by statute." Sawyer v. Head, 510 So.2d 472, 476 (Miss.1987).

DISCUSSION
¶ 8. Brotherhood Productions and Stone Group are essentially the same entity in that Brotherhood was a subsidiary of Stone Group. Wingerter's signed release prevents any common law recovery against Brotherhood and Stone Group. "[T]he claimant may not collect on the tort claim against his employer or co-employee if the evidence shows that he is entitled to worker's [sic] compensation." Sawyer v. Head, 510 So.2d 472, 476 (Miss.1987). After completing her workers' compensation claim, Wingerter wants to sue the people she worked with during the filming of the movie. She includes several names in her suit. However, Wingerter offers no evidence that these people are not employees of Brotherhood Productions, as all of the defendants claim. Under the Act, "[t]he acts, other than those of willful negligence, of the employee merge into and remain solely the act of the employer. The employee's liability vanishes." Sawyer, 510 So.2d at 477.
¶ 9. The judge reviewed the evidence presented by each party and issued a ruling with his findings of fact and conclusions of law. He found that Brotherhood and the other named defendants presented affidavits, the actual movie, credits and a certified copy of the production company's workers' compensation policy detailing that all of these defendants were employees of the production company. Wingerter only provided her belief that she "anticipated" that additional depositions would divulge additional factual material which, in turn, would negate the motion for summary judgment. Wingerter did not offer evidence alluding to what "additional factual material" might be.
¶ 10. The Rule 56(f) exception is not to be used in place of active diligence during the discovery process. "[N]ormally the party invoking Rule 56(f) must show what steps have been taken to obtain access to the information allegedly within the exclusive possession of the other party." Hobgood v. Koch Pipeline Southeast, Inc., 769 So.2d 838, 845(¶ 35) (Miss.Ct.App. 2000), quoting Marx v. Truck Renting and Leasing Assoc., Inc., 520 So.2d 1333, 1344 (Miss.1987). The judge ruled that Wingerter failed to actively pursue the claim which began with an accident that occurred nine years earlier. The record is lacking any proof that Wingerter sought in earnest to obtain this information prior to the Appellees' motion for summary judgment. Finding no error, we affirm the ruling of the lower court.
*304 ¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES AND THOMAS, JJ., CONCUR. CHANDLER, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LEE AND IRVING, JJ. BRANTLEY, J., NOT PARTICIPATING.
CHANDLER, J., dissenting:
¶ 12. The majority finds that there were sufficient facts in the record to support the circuit court's decision to grant the defendants' motion for summary judgment. Because I believe that more facts are needed, I respectfully dissent.
¶ 13. Defendants in this case filed a motion for summary judgment on May 3, 1999. In that motion, the defendants maintained that Brotherhood Productions, Inc. (Brotherhood) is a subsidiary of Stone Group Pictures and that all other named defendants are employees of Brotherhood. As such, the defendants argued that they were all released from liability by virtue of Wingerter's settlement with Brotherhood and its insurance carrier under the Mississippi Workers' Compensation Act and Miss.Code Ann. § 71-3-9 (Rev.2000).
¶ 14. It is clear from the record that Brotherhood Productions, Inc. and its employees were released by the workers' compensation settlement. In settlement of her workers' compensation claim, Wingerter signed a release which stated that she released Brotherhood and its carrier from any liability related to injuries caused by her accident while employed by Brotherhood. Mississippi Code Annotated § 71-3-9 (Rev.2000), cited above, grants immunity to employers such as Brotherhood through the workers' compensation act. The majority is correct when it states that this immunity has been extended to co-employees of a claimant. Sawyer v. Head, 510 So.2d 472, 476 (Miss.1987). Based on the facts before this Court, the only defendant clearly released is Brotherhood. There is no credible evidence in the record to support the defendants' claim that Brotherhood is a subsidiary of Stone Group Pictures or that the other named defendants were employed by Brotherhood at the time the accident occurred. The majority states that the defendants provided, "affidavits, the actual movie, credits and a certified copy of the production company's workers' compensation policy detailing that all of these defendants were employees of the production company." In reality, the record contains a copy of a movie, which has no guarantees of proper authentication and a copy of a worker's compensation policy for Stone Group Pictures, Brotherhood Productions, Inc., and Stone Group Films, Inc. There is no mention of the other named defendants and no information concerning the relationship of these three companies.
¶ 15. This Court conducts de novo review of a motion for summary judgment. Jenkins v. Ohio Cas. Ins. Co., 794 So.2d 228(¶ 6) (Miss.2001). Rule 56(c) of the Mississippi Rules of Civil Procedure provides that summary judgment should be rendered if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. Rule 56(c). In order to succeed on the motion, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Tucker v. Hinds County, 558 So.2d 869, 872 (Miss.1990). On the other hand, *305 the non-moving party must demonstrate that there is a genuine issue of material facts. Richmond v. Benchmark Constr. Corp., 692 So.2d 60, 61 (Miss.1997). All evidence should be viewed in the light most favorable to the non-moving party. Id. "If any triable issues of fact exist, the lower court's decision to grant summary judgment will be reversed. Otherwise the decision is affirmed." Id.
¶ 16. In this case, the lower court was correct in granting summary judgment as to Brotherhood. This defendant was released by the workers' compensation settlement and should not be before this Court. The same can not be said for the other defendants.
¶ 17. In opposition to the defendants motion for summary judgment, Wingerter filed a motion in support of her request for a continuance or denial of summary judgment under M.R.C.P. 56(f). That rule states:
Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.
M.R.C.P. 56(f).
¶ 18. Counsel for Wingerter filed an affidavit with the court asserting that the plaintiff had been unable to take the deposition of the defendants and that these defendants possessed exclusive control of information necessary to the prosecution to the case. The plaintiff argued that if allowed a continuance to take these depositions, then she would be able to present the court with genuine issues of material fact as to the relationship of the defendants, each to another. The circuit court denied this motion and the majority affirms this denial.
¶ 19. "The party resisting summary judgment must present specific facts why he cannot oppose the motion and must specifically demonstrate `how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" Hobgood v. Koch Pipeline Southeast Inc., 769 So.2d 838(¶ 35) (Miss.Ct.App.2000) (quoting United States v. Little Al, 712 F.2d 133, 135 (5th Cir.1983)). Further, a party must show what steps he has taken to obtain the information, allegedly within the exclusive control of the defendants. Marx v. Truck Renting and Leasing Ass'n, Inc., 520 So.2d 1333, 1344 (Miss.1987). In Prescott v. Leaf River Forest Products, Inc., 740 So.2d 301(¶ 13) (Miss.1999), the court stated that "the court, at its discretion, may, if it finds the reasons offered to be sufficient, postpone consideration of the motion for summary judgment and order among other things that discovery be completed." That court further noted that under certain circumstances the completion of discovery may be desirable before the court makes a ruling on a motion for summary judgment, especially where it is alleged that the information needed by the plaintiff is in the defendant's exclusive control. Id.
¶ 20. This Court reviews a motion for a continuance or denial of summary judgment under Rule 56(f) for abuse of discretion. Prescott, 740 So.2d at (¶ 13). There are numerous gaps in the record of this case which hinder proper review. To begin, in the defendants' answer to Wingerter's complaint, several of the addresses for the individual defendants were left in question. The pleading states that counsel is unaware of the exact address and for purposes of answer, the information given by *306 Wingerter is denied. There is nothing in the record to indicate whether the plaintiff obtained proper addresses for these defendants prior to the trial court's denial of the her motion. Due to the numerous gaps in the record, it is not possible to determine if the trial judge abused his discretion in denying Wingerter's Rule 56(f) motion. I believe we should err on the side of caution when faced with summary judgment matters. For that reason, it would have been better in my opinion, for the trial judge to grant the Rule 56(f) motion and instruct the defendants to provide Wingerter with the defendants' current addresses within a reasonable period of time and to allow Wingerter a comparable period of time to notice depositions for the defendants. This action would serve to elevate the confusion present in the record as it stands and allow the court to properly consider all the facts involved in the case.
¶ 21. Further, the summary judgment motion filed by the defendants failed to meet the standard necessary to prove no genuine issue of material fact existed. The defendants in their motion assert that Brotherhood is a subsidiary of Stone Group Pictures and that the other named defendants were employees of Brotherhood at the time of the accident. Wingerter maintains that there is insufficient evidence to prove the defendants are related in the manner claimed by Brotherhood, and in effect, denies the same. "Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite." Tucker, 558 So.2d at 872. Because the defendants failed to provide competent evidence to support their argument that they were all released under the workers' compensation settlement the trial court erred in granting the defendants' motion for summary judgment. For these reasons, I would reverse the lower court's ruling as to all defendants other than Brotherhood.
LEE AND IRVING, JJ., JOIN THIS SEPARATE WRITTEN OPINION.
NOTES
[1] Appellant claims the case was filed on March 4, 1994, and Appellee claims it was filed March 1, 1994.
[2] M.R.E. 56(f) provides that: Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.