GRIFFIS, J.,
for the Court:
¶ 1. Paul Raines appeals the summary judgment entered by the Lee County Circuit Court in favor of Pierce Cabinets, Inc. The circuit court found that Raines, as an electrical contractor, knew or should have known that the sawdust at the Pierce Cabinets’ facility was flammable and that Pierce Cabinets was under no duty to warn Raines or his employer of this danger. We find that the circuit court did not err in granting summary judgment in favor of Pierce Cabinets as a matter of law.
*1185 FACTS
¶ 2. This case arises out of an incident that occurred at Pierce Cabinets’ facility. Pierce Cabinets manufactures custom cabinetry in Tupelo, Mississippi. Pierce Cabinets contracted with Jeffs Electric to perform the necessary electrical work on a new addition to the facility.
¶ 8. Raines was an employee of Jeffs Electric. At the time of the incident, Raines had almost twenty years of experience in the electrical industry. Also, while working for Jeffs Electric, Raines had performed multiple jobs at Pierce Cabinets’ facility.
¶ 4. The breaker box that Raines was working on was one that he had worked on before. The breaker box had a label that read: “DANGER! High voltage. Will cause severe injury or death. Lock off power supplying this equipment before working inside.” Despite this warning, Raines worked on the box without disconnecting the incoming power to the box.
¶ 5. Pierce Cabinets did not instruct Jeffs Electric or Raines on how to perform the electrical work. Pierce Cabinets did not instruct Jeffs Electric or Raines not to turn the power off to the subject breaker box. Raines admitted that he knew there was sawdust in the area. Raines also admitted that he knew sawdust is flammable.
¶ 6. While working on the breaker box, Raines was severely burned. Raines alleges that he was injured because there was sawdust on the premises which created a secondary flame after an electrical arc had occurred.
STANDARD OF REVIEW
¶ 7. We review the circuit court’s granting of summary judgment using a de novo standard of review. Richmond v. Benchmark Const. Corp., 692 So.2d 60, 61 (Miss. 1997). Summary judgment is proper when “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Byrne v. Wal-Mart Stores, Inc., 877 So.2d 462, 464-65 (¶ 3) (Miss.Ct.App.2003). “We have to review the facts presented to determine if there is a genuine issue of material fact and, if such fact exists, whether that fact is outcome determinative.” Evans v. Jackson Coca-Cola Bottling Co., 771 So.2d 1006, 1009 (¶ 10) (Miss.Ct.App.2000).
ANALYSIS
¶ 8. Pierce Cabinets hired Jeffs Electric to perform electrical services at its facility. Jeffs Electric was an independent contractor. As an employee of Jeffs Electric, Raines was properly considered an independent contractor. Indeed, Raines neither disputes this classification nor makes a contrary argument on appeal.
¶ 9. Mississippi law requires that Pierce Cabinets provide Jeffs Electric, and Raines, with a reasonably safe working environment or give warning of any danger. Miss. Chem. Corp. v. Rogers, 368 So.2d 220, 222 (Miss.1979). However, Pierce Cabinets will be relieved of this duty if the independent contractor knows of the danger. Id.
¶ 10. Raines claims that the danger was a collection of sawdust, actually flammable sawdust. Raines’s expert opined that Raines could not be aware of the danger because he was just an electrician. However, Raines’s testimony disputed this claim:
Mr. Jacks: How do you know there was sawdust in the bottom of the panel?
*1186 Mr. Raines: You can see sawdust all over the plant. It’s everywhere you go.
Mr. Jacks: And they make cabinets?
Mr. Raines: Yes, sir.
Mr. Jacks: And they use wood?
Mr. Raines: Yes, sir.
Mr. Jacks: So you would expect there to be sawdust around?
Mr. Raines: Yes.
Mr. Jacks: So you saw—you were aware that there was sawdust around?
Mr. Raines: Yes. I was not aware it was flammable—that flammable.
Mr. Jacks: You’re aware that wood is flammable?
Mr. Raines: Well everybody’s aware that—
Mr. Jacks: Okay.
Mr. Raines: Wood will burn.
Mr. Jacks: Okay. And sawdust is a product of wood, right?
Mr. Raines: Right.
¶ 11. Raines’s own testimony demonstrated his awareness that sawdust was flammable. He knew that working on a live box could cause an electrical arc. Therefore, Raines was or should have been aware of the danger presented.
¶ 12. Under Mississippi law, when an independent contractor is aware of the danger, the owner has no duty to warn the independent contractor of that danger. The owner or operator of a premises is not liable to the independent contractor resulting from dangers which the contractor has known, or as to which he has assumed the risk. Jackson Ready-Mix Concrete v. Sexton, 235 So.2d 267, 271 (Miss.1970).
¶ 13. The facts presented demonstrated that Raines knew what dangers could arise from working on a hot box. Raines knew that sawdust was flammable. Since Raines knew of these dangers, Pierce Cabinets did not owe any duty to warn or make safe the condition which harmed Raines.
¶ 14. Another exception to the general rule—that owners and operators of a premises owe a duty to provide a safe working environment to independent contractors or warn the independent contractors of any danger—is when the risk of injury arises from the machinery located on the premises and is intimately connected with that which the contractor has undertaken to repair. Id. Raines was on the premises to perform work on the breaker box. This breaker box was the initial trigger of the incident, and without the breaker box being left on, the incident would not have happened.
¶ 15. Sawdust by itself is not dangerous. However, sawdust does have a flammable characteristic and that was the danger here. Without a spark, there was no danger posed by the sawdust. The owner or occupier of a premises is under no duty to protect the independent contractor against risks arising from or intimately connected with defect of the premises or of machinery or appliances located thereon, which the contractor has undertaken to repair. Sexton, 235 So.2d at 271. Since the spark arose from an electrical arc that was created by the independent contractor and the box that he was working on, the employer is absolved of any liability. The danger and trigger of the incident was intimately connected with the machinery that Raines was there to work on. Since the risk arose from the machinery, and it was intimately connected with the machinery, Pierce Cabinets did not owe Raines any duty to warn of or make safe this condition.
¶ 16. The premises owner’s liability is limited by the extent to which he has *1187 devolved upon the contractor control of the premises and the nature of the work. Magee v. Transcon. Gas Pipe Line Corp., 551 So.2d 182, 185 (Miss.1989). There is no genuine issue of material fact as to whether Pierce Cabinets relinquished control of the premises to Raines. Pierce Cabinets did not control Raines’s work in any way. Because Pierce Cabinets was not controlling of any aspect of Raines’s work, it had no duty to make the premises safe; and it had no duty to warn Raines of any dangers, especially those that Raines was already aware of.
¶ 17. Here, we find no genuine issue of material fact in dispute and conclude that Pierce Cabinets was entitled to a judgment as a matter of law. Accordingly, we find that this issue is without merit. The judgment of the circuit court, granting summary judgment in favor of Pierce Cabinets, is affirmed.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.