LEE, C.J.,
for the Court:
¶ 1. This is a premises-liability case filed pursuant to the Mississippi Tort Claims Act (MTCA) against the City of Morton, Mississippi. We must determine whether granting summary judgment in favor of the City was premature.
PROCEDURAL HISTORY
¶ 2. Kathy Hawkins was injured when she fell at Farris Municipal Park (the Park) in Morton on February 24, 2009. Hawkins and her husband, Eddie Hawkins, were walking in a grassy area from their car to a baseball field when Hawkins stepped over wooden crossties and slipped on gravel. Hawkins broke her ankle.
¶ 3. Hawkins filed suit against the City alleging it was negligent for various reasons. The City filed a motion for summary judgment. After a hearing, the Scott County Circuit Court granted the City’s motion for summary judgment, finding that Mississippi Code Annotated section ll-46-9(l)(v) (Rev.2012) was a complete bar to Hawkins’s recovery. Hawkins now appeals asserting the trial court erred by: (1) finding section ll-46-9(l)(v) was a complete bar to her recovery; (2) finding the danger was open and obvious; (3) finding she was a licensee, not an invitee; and (4) finding the case involved active, not passive, negligence. Finding section 11-46-9(l)(v) to be applicable, we affirm.
FACTS
¶ 4. Hawkins testified via deposition that she and her husband parked in a grassy area adjacent to a gravel road. Rather than walk down the gravel road to the main sidewalk, they decided to cut through a grassy area to get to the baseball field. The main sidewalk was estimated to be forty yards from where Hawkins and her husband parked. Hawkins admittedly saw the wooden crossties and knew she would have to step over them to continue to the baseball field. Eddie, Hawkins’s husband, saw the crossties as well and warned Hawkins to be careful. Although the lighting was limited, Hawkins said she could see the erossties. Two crossties were stacked on top of each other making them approximately one foot high. The City had placed *1106 a row of crossties approximately one or two feet from where cars were parked next to the gravel road. There was no testimony as to how many crossties were placed in this row. There are no pictures depicting the location of the crosstie Hawkins stepped over since the crossties were later moved to their permanent location in a new parking area at the end of the gravel road.
¶ 5. Hawkins stated she placed her left foot over the crosstie and was bringing her right foot over when her right foot slipped out from under her. Hawkins says she slipped on loose gravel and dirt around the crossties. Hawkins’s right ankle was broken. In her deposition, Hawkins stated that her foot “didn’t get caught on anything. There was nothing for it to get caught on. I am assuming when it hit the loose gravel, that [loose gravel made it slip].” Hawkins also stated she did not see anything else on the ground other than the crossties. In his deposition, Eddie stated that the only thing in the area other than the crossties was gravel and “maybe a little kicked-up dirt.” Eddie thought the area was a construction zone, but there was no evidence produced to support this assumption.
¶ 6. Stephen Fournier was designated by Hawkins as an expert in the field of recreational facilities, site safety, and fall prevention. Fournier’s affidavit states the following: the City failed to maintain the area in which Hawkins was walking so as to protect against slipping, tripping, and falling; the area where Hawkins fell was not properly marked with warning signs; there was no safe alternative for the Haw-kinses to get to the baseball field; the area where Hawkins fell was not properly illuminated; the area where Hawkins fell was a dangerous condition the City failed to inspect, maintain, repair, or replace; and the dangerous condition was not open and obvious.
¶ 7. According to Billy Meeks, there was a new parking lot being constructed at the end of the gravel road. Meeks was the parks and recreation director of the City, and he testified pursuant to Mississippi Rule of Civil Procedure 30(b)(6). Meeks stated that the City had begun construction on a new parking area in October 2008, but no construction activities were occurring on the date of Hawkins’s accident. Meeks testified that the crossties were used to form a boundary around the new parking area. Meeks said some of the crossties had been placed in the area prior to Hawkins’s fall, but most were placed in the new parking area in March 2009. Meeks further stated that he and another employee routinely inspected the park each morning for problems. Meeks said they had not received any complaints regarding the crossties. Meeks testified that when visitors park where the Haw-kinses had parked, these visitors normally walk down the gravel road to the main sidewalk.
STANDARD OF REVIEW
¶ 8. In reviewing the trial court’s grant of a motion for summary judgment, this Court conducts a de novo review and “examines all the evidentiary matters before it — admissions in pleadings, answers to interrogatories, depositions, affidavits, etc.” City of Jackson v. Sutton, 797 So.2d 977, 979 (¶ 7) (Miss.2001) (citations omitted). The moving party has the burden of demonstrating that no genuine issue of material facts exists, and the nonmoving party must be given the benefit of the doubt concerning the existence of a material fact. Id. “If no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment should be entered in *1107 that party’s favor.” Monsanto Co. v. Hall, 912 So.2d 134, 136 (¶ 5) (Miss.2005). However, the Court reviews conclusions of law, including the proper application of the MTCA, de novo. City of Jackson v. Presley, 40 So.3d 520, 522 (¶ 9) (Miss.2010).
DISCUSSION
¶ 9. The MTCA provides the exclusive civil tort remedy against a governmental entity, and as such, dictates the elements a plaintiff must satisfy to recover against the City. The MTCA, as it relates to the present case, provides, in pertinent part:
(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
(v) Arising out of an injury caused by a dangerous condition on property of the governmental entity that was not caused by the negligent or other wrongful conduct of an employee of the governmental entity or of which the governmental entity did not have notice, either actual or constructive, and adequate opportunity to protect or warn against; provided, however, that a governmental entity shall not be liable for the failure to warn of a dangerous condition which is obvious to one exercising due care.
Miss.Code Ann. § 11^46-9(l)(v). In order for Hawkins to get beyond the statutory immunity provided by the MTCA, Hawkins had to show: (1) an injury was suffered; (2) the injury was caused by a dangerous condition at the Park, which was caused by the negligent or other wrongful conduct of a City employee; (3) the City had either actual or constructive notice of the dangerous condition; (4) the City had an adequate opportunity to protect or warn of this condition; and (5) the condition was not open and obvious to one exercising due care.
¶ 10. We find that there was insufficient evidence to establish a dangerous condition on the City’s property of which it had constructive notice and time to correct or warn against. Hawkins is not arguing the crossties were themselves dangerous; rather, she contends the gravel and loose dirt around the crossties was dangerous. However, there was no evidence the City caused or had actual notice of any loose dirt or gravel in the area where Hawkins fell. Meeks inspected the property daily, and there was no evidence he failed to exercise reasonable care in inspecting the Park. There was no evidence of any other complaints from visitors to the Park about the condition of the ground where Hawkins fell. Furthermore, Hawkins admits her foot did not “get caught on anything,” and stated she was “assuming when it hit the loose gravel, that [the loose gravel] made” her slip. One of Hawkins’s treating physicians indicated he was informed Hawkins “had slipped and fallen on a hillside.” The photograph of the area where Hawkins fell shows a grassy area that sloped down toward the baseball field.
¶ 11. There was much confusion in the record as to whether the area where Hawkins fell was a construction area. This confusion apparently stems from Eddie’s assumption that the area was a construction zone, due to the presence of the cross-ties. However, neither Hawkins nor her husband saw any equipment in the area where Hawkins fell to indicate the area was a construction zone.
¶ 12. Hawkins contends Fournier’s expert opinion is enough to defeat summary judgment. Fournier’s affidavit indicates he never visited the Park but merely relied upon depositions, photographs, and other discovery documents to reach a conclusion. It appears Fournier also assumed *1108 Hawkins fell in a construction area; thus, his opinion was focused on the City’s duties in regard to protecting any pedestrians walking in a construction area. We reiterate that there was no credible testimony or evidence that Hawkins did in fact fall in a construction area.
¶ 13. Finding insufficient evidence to establish that there was a dangerous condition at the Park where Hawkins fell, we affirm the trial court’s decision to grant summary judgment in favor of the City. Since we find section ll-46-9(l)(v) to be a complete bar to Hawkins’s recovery, we decline to address her remaining issues.
¶ 14. THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS AND FAIR, JJ., CONCUR. JAMES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. CARLTON AND MAXWELL, JJ., NOT PARTICIPATING.