BARNES, J.,
for the Court:
¶ 1. Kevin Thompson was involved in an automobile accident with Vickie Cunningham, an employee of A & Z Inc. (A & Z). After concluding that the employee was not acting in the course and scope of her employment at the time of the accident, the Lincoln County Circuit Court granted summary judgment in favor of A & Z. On appeal, we affirm the circuit court’s judgment.
FACTS AND PROCEDURAL HISTORY
¶ 2. On the morning of October 5, 2010, Thompson was driving his motorcycle on Highway 51 in Brookhaven, Mississippi, when he was struck by a car driven by Cunningham, who was on her way to work. Thompson suffered several bodily injuries and property damage as a result of the accident. Thompson filed a complaint against Cunningham, on October 20, 2010, alleging “negligent, careless, and/or wanton conduct,” and requested damages exceeding one million dollars.
¶ 3. After a $25,000 settlement was reached with Cunningham, Thompson filed an amended complaint on May 20, 2011, seeking to dismiss her from the action and to add her employer, A & Z, as a defendant. In the amended complaint, Thompson claimed that Cunningham was acting in the course and scope of her employment, and A & Z was liable “by virtue of vicarious liability.” He further contended that Cunningham “was engaged in an ultra-hazardous activity”; specifically, that she was transporting open containers of paint thinner in her trunk that were emitting “noxious fumes.” Another amended complaint filed on August 19, 2011, alleged that A & Z acted negligently in its hiring of Cunningham and that it “negligently entrusted the vehicle in question to Cunningham.” Thompson also moved that Cunningham be voluntarily dismissed from the action. The circuit court granted the amendments to the complaint and dismissed Cunningham as a defendant.
¶ 4. On September 21, 2011, A & Z filed an answer, denying any liability and claiming that Cunningham was not in the course and scope of her employment at the time of the accident. Then, on April 19, 2012, A & Z filed a motion for summary judgment, contending that Thompson had signed a release that barred all claims of liability against A & Z and that Cunningham was driving her personal vehicle when the accident occurred. Thompson responded, arguing he had not released A & Z from liability, and the motion for summary judgment was premature because A & Z had not yet answered his requests for discovery. Included was an affidavit by Thompson’s attorney submitted under Mississippi Rule of Civil Procedure 56(f). A hearing *746 on the motion for summary judgment was held on June 11, 2012, and the circuit court delayed its ruling to allow Thompson time to conduct depositions. After failed attempts to set a time for depositions, counsel for Thompson advised A & Z that he could not conduct any depositions until September, and the depositions of A & Z and Cunningham were scheduled for September 28, 2012.
¶5. On September 14, 2012, Thompson’s counsel sent an email to A & Z, stating, that because A & Z had not provided the discovery he desired, he was going to file a motion to compel and postpone the depositions. Thompson subsequently filed the motion to compel discovery on September 19, 2012. In a letter sent to Thompson’s counsel, dated September 26, 2012, A & Z noted that Thompson had cancelled the depositions scheduled for September 28:
¶ 6. On October 16, 2012, A & Z renewed its motion for summary judgment, arguing that Thompson had four months to conduct discovery and take depositions, but had failed to do so. A hearing was held on the motions November 5, 2012. The circuit court granted A & Z’s motion for summary judgment on November 15, 2012, holding that Thompson had failed to provide any evidence “that Cunningham was in the scope of employment at the time of the accident.” The circuit court also noted that Thompson had signed a release form.
¶ 7. Thompson now appeals, and finding no error, we affirm the judgment.
STANDARD OF REVIEW
¶ 8. The sole issue presented on appeal is whether the circuit court erred in granting A & Z’s motion for summary judgment. A circuit court’s grant of a motion for summary judgment is reviewed de novo. Hawkins v. City of Motion, 119 So.3d 1104, 1106 (¶ 8) (Miss.Ct.App.2013). The movant bears “the burden of demonstrating that no genuine issue of material fact exists, and the nonmoving party must be given the benefit of the doubt concerning the existence of a material fact.” Id. “[I]f the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact,” then summary judgment should be entered in favor of the movant. M.R.C.P. 56(c).
DISCUSSION
¶ 9. Thompson argues the circuit court granted the motion for summary judgment “prematurely” and should have allowed him to conduct further discovery. He claims that had he been able to conduct further discovery, he could show Cunningham was acting in the course and scope of her employment; therefore, A & Z would be liable for her negligence.
¶ 10. At the time of the accident, Cunningham was driving her personal vehicle to work. “The general rule is that a servant using an automobile, whether belonging to his master or to himself, in going to and from, his place of work, is not at such times engaged in work for his master but acts for his own purposes only.” Evans v. Jackson Coca-Cola Bottling Co., 771 So.2d 1006, 1009 (¶8) (Miss.Ct.App.2000) (quoting Miss. Power & Light Co. v. Laney, 247 Miss. 71, 85, 154 So.2d 128, 134 (1963)). Thompson does not refute that when an employee is driving to work, she is outside the scope of her employment. Rather, he argues that because Cunningham was transporting paint thinner (“a tool of the trade related to [her] employment”) and was en route to pick up a work vehicle, she should be considered as acting within the scope of her employment. In her affidavit, Cun *747 ningham stated that she was on her way to work when the accident occurred and that she was not being reimbursed for her transportation.[1] She also averred that there was only one can of paint thinner, which she had bought for personal use. However, the police officer who responded to the accident claimed that there were several open cans of paint thinner and paint brushes in her trunk.
¶ 11. While the issue of whether Cunningham was acting in the scope of her employment while driving to work could constitute a question of fact, we find it irrelevant under the circumstances of this case. This Court has plainly held: “A plaintiff may not release either an employee or employer from any claim, and then pursue the same claim against the unreleased employee or employer.” .Sykes v. Horns Health Care Affiliates, Inc., 125 So.3d 107, 109-10 (¶ 8) (Miss.Ct.App.2013) (citing J & J Timber Co. v. Broome, 932 So.2d 1, 6 (¶ 20) (Miss.2006)). In Broome, the Mississippi Supreme Court considered a similar case in which the plaintiffs in a wrongful-death suit settled with the driver of a truck, Brent Galatas, who collided with the deceased, and released the driver from further liability. The release expressly reserved any claims that the plaintiffs might have against Galatas’s contract employer, J & J Timber. The plaintiffs then brought a separate wrongful-death action against the employer. Broome, 932 So.2d at 2-3 (¶¶ 3-5). The supreme court reasoned:
An action against an employer based on the doctrine of respondeat superior is a derivative claim arising solely out of the negligent conduct of its employee within the scope of his. or her employment. Loss of consortium is similarly derivative, and Mississippi law dictates that if the underlying personal injury claim is disposed of, the loss of consortium claim cannot be maintained on its own. While Broome did not have his claims against Galatas thrown out, he voluntarily settled them and released Galatas from the threat of any further action. The principles precluding a loss of consortium claim when the underlying action is gone apply equally to this case with respect to an employer’s vicarious liability. Once Broome discharged Galatas, the purely derivative vicarious liability claim against J & J Timber became barred.
Id. at 6 (¶ 19) (internal citation omitted). Thus, the court concluded: “[T]he release of a tortfeasor operates to bar claims predicated on vicarious liability against the tortfeasor’s employer.” Id. at 9 (1130).
¶ 12. In the present case, Thompson reached a settlement with Cunningham and released all claims against her. Therefore, even if Cunningham were found to have been in the course and scope of her employment when the accident occurred, Thompson is barred from bringing a derivative claim against A & Z, her employer.
¶ 13. Additionally, on May 9, 2011, Thompson signed a “Full and Final Release of All Claims and Indemnifying • Agreement,” which provided that Thompson had released Cunningham, Progressive Insurance Company, “and all agents, affiliates, related entities, servants, employees, insurers, representatives, attorneys, adjusters, investigators and all other associated persons, firms, corporations and administrators (hereinafter ‘Releasees’) of and from any and all claims, demands or *748 causes of action ... that arise out of or are in any way related to the automobile accident ... occurring on or about October 5, 2010[.]” (Emphasis added).[2]
¶ 14. Accordingly, we affirm the circuit court’s decision to grant summary judgment for A & Z. All of Thompson’s remaining issues concerning negligence by A & Z are rendered moot by our holding.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. An exception to the rule that an employee is not acting in the scope of his employment while traveling to and from work is when "the employer furnishes the transportation or remunerates the employee for transportation.” Tommy Brooks Oil Co. v. Leach, 722 So.2d 708, 712 (¶ 16) (Miss.Ct.App.1998) (citation omitted).

. Thompson signed a second release that same day solely with Progressive Insurance Company, entitled "Policyholder's Release and Trust Agreement.” In that release, he did cross through the language "and all other persons or organizations who are or who might be liable, from all claims for all damages.” That release never referenced Cunningham or A & Z; it concerned Thompson's release of the insurance company from paying further damages for the claim.